IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARMERS NEW WORLD LIFE INS., CO., a Washington Corporation, | MEMORANDUM DECISION AND ORDER ON INTERPLEADED FUNDS |
| vs. | |
| HEIDI ALLEN and BRAD ALLEN,<br>Defendants. | Case No. 2:09-CV-6 TS |

I. INTRODUCTION

Brad Allen, brother of insured Troy Allen, and Heidi Allen, the insured's former wife, assert competing claims to the life insurance benefits paid into the Court registry in this interpleader case. The parties stipulated to submitting the issue on their briefs. The Court finds and concludes that, as a matter of law, Brad is entitled to receive the interpleaded life insurance policy because Utah's Revocation Upon Divorce Statute[1] revoked Heidi's designation as a beneficiary upon her divorce from the insured. Accordingly, the Court

---

[1]Utah Code Ann. § 75-2-804.

1

grants judgment in favor of Brad entitling him to receive the interpleaded insurance proceeds as the contingent beneficiary of the policy.

## II. FINDINGS OF FACT

The following facts have been established through stipulation as well as the stipulated exhibits attached to the pretrial order:

1. On or about July 24, 1995, Farmers issued a life insurance policy to insured Troy, which contained a death benefit amount of $100,000. Troy named Heidi as the primary beneficiary, and his brother Brad as the contingent beneficiary. At the time, Heidi was his fiancé, but the couple was not yet married. The policy also listed Heidi as an additional insured and Heidi's and Brad's minor children were Riders on the policy. The insurance policy is silent as to what effect a marriage or divorce would have on a beneficiary's rights.

2. Subsequently, Troy and Heidi were married, and then divorced. A Decree of Divorce was entered on February 23, 2000. The Decree made no reference to the Farmers' insurance policy.

3. After the divorce, Troy did not take any action to remove or affirm Heidi as the primary beneficiary of his life insurance policy.

4. On July 19, 2008, Troy passed away.

5. Following Troy's death, both Heidi and Brad filed competing claims to the life insurance proceeds from the Farmer's policy. Accordingly, on January 7, 2009, Farmers filed a Complaint for Interpleader in this case, naming both Heidi and Brad as Defendants.

6. On August 10, 2009, this Court entered an order granting Farmer's motion for judgment on interpleader, allowing Farmers to deposit the $94,730.40 with the Court and thereafter discharging Farmers from any future liability. The deposited amount equaled the $100,000.00 policy amount, plus $9,397 in accumulated interest, minus $11,924.80 in funeral expenses, $2,307 for Farmers' attorneys' fees, and $434.80 for costs. Farmers deposited the money with the Court the same day.

### III. DISCUSSION AND CONCLUSIONS

In this diversity case, the Court applies the substantive law of the state of Utah.[2] "[A] 1998 amendment to Utah's Uniform Probate Code . . . revokes upon divorce a pre-divorce designation of a spouse as the beneficiary of an annuity or similar asset."[3] Thus, the 1998 amendment changed Utah's prior rule that "divorce alone does not terminate a former spouse's rights as a survivor beneficiary of an insurance policy, IRA, . . . unless a property settlement or divorce decree evidence[d] a clear intent to the contrary."[4] Thus, there is now a presumption that a divorce revokes the designation unless the property settlement or divorce decree states otherwise.[5]

---

[2] *Stillman v. Teachers Ins. and Annuity Ass'n Coll. Ret. Equities Fund*, 343 F.3d 1311, 1312 (10th Cir. 2003).

[3] *Id*. (citing Utah Code Ann. § 75-2-804(2)).

[4] *Id*. (quoting *Estate of Anello v. McQueen*, 953 P.2d 1143, 1145 (Utah 1998) (internal quotation marks omitted).

[5] *Id.*

3

The Utah statute now provides:

Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment, the divorce or annulment of a marriage: (a) revokes any revocable: (i) disposition or appointment of property made by a divorced individual to his former spouse in a governing instrument . . . .[6]

"'Disposition or appointment of property' includes a transfer of an item of property or any other benefit to a beneficiary designated in a governing instrument."[7] "'Governing instrument' means a governing instrument executed by the divorced individual before the divorce or annulment of his marriage to his former spouse,"[8] and includes an insurance policy.[9]

In *Stillman v. Teachers Insurance*, the Tenth Circuit held that the revocation-upon-divorce provision added to § 75-2-804(2) in 1998 applies to the designation of a former spouse as the primary beneficiary of a governing instrument regardless of when the beneficiary designation or divorce occurred. In *Stillman*, the purchase and designation occurred in 1965, the divorce occurred in 1970, the insured remarried in 1971, and the insured passed away in 1999, shortly after the effective date of the 1998 amendment. After the insured's death, his former wife and his widow—both of whom had children with the decedent—filed competing claims to the annuity proceeds.

On appeal, the Tenth Circuit held that § 75-2-804(2) is a rule of construction that applies regardless of the dates of the beneficiary designation or the parties' divorce. It

---

[6] Utah Code Ann. § 75-2-804(2).

[7] *Id.* § 75-2-804(1)(a).

[8] *Id.* § 75-2-804(1)(d).

[9] *Id.* § 75-1-201(19).

4

noted that the change made by the 1998 amendment is modeled after the identical change made to the Uniform Probate Code. As the Tenth Circuit explained, "there is no unfairness in presuming that [the insured's] desires (if he had stopped to consider then) regarding the beneficiaries changed when he was divorced."[10]

Heidi attempts to distinguish *Stillman* because Troy did not remarry after their divorce. Heidi argues that the presumption discussed in *Stillman* regarding an insured's intent upon divorce is rebutted where she remained on friendly terms with Troy, he never remarried, there was no current spouse or other children with competing claims to the proceeds, and the proceeds are for child support. However, the rule announced in *Stillman* did not depend on the insured's remarriage. *Stillman* followed the plain language of the statute wherein it is a divorce that revokes the pre-divorce designation unless the requirement for an exception were met. That requirement is not met in the present case as explained below.

Heidi also argues that she and Troy divorced "with the understanding that the life insurance policy would continue for the benefit of the parties' two minor children."[11] However, the statute provides that the revocation is automatic upon divorce unless a contrary intent is stated in one of the following documents or orders: "a governing instrument [the insurance policy], a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment, the divorce or annulment of a marriage."[12] Pursuant to the stipulated facts,

---

[10] *Stillman*, 343 F.3d at 1318 (emphasis added).

[11] Pl.'s Trial Brief at 1-2.

[12] Utah Code Ann. § 75-2-804(2).

there was no such provision made in any of the types of documents or orders as required by the statute.  Therefore, the statutory exception has not been met.[13]

Heidi also attempts to distinguish *Stillman* because she was Troy's fiancé, not his wife, when she was designated as beneficiary.  However, the definition of the type of governing instruments covered by §75-2-804(2)'s revocation-upon-divorce clause specifies that it includes any governing instruments "executed by the divorced individual *before* the divorce."[14]   It does not limit the governing instruments to those executed only during the marriage.  Where the Utah Legislature chose not to limit the provision to only those governing instruments executed during the marriage, the Court will not read such a limitation into the statute.

Finally, as to Heidi's argument that she was also an insured under the policy and had listed Troy as the beneficiary, the same rule applies.[15]

---

[13] *See also Buholz v. Storsve*, 740 N.W.2d 107, 110-11 (S.D. 2007) (interpreting South Dakota's version of the Uniform Probate Code and rejecting argument that testimony as to the decedent former spouse's intention could be used to "circumvent the automatic revocation effected" by the revocation-upon-divorce provision) (quoting and following *Estate of Lamparella*, 109 P.3d 959, 966 (Ariz. Ct. App. 2005))

[14] Utah Code Ann. § 75-2-804(1)(d).

[15] *See In re Estate of DeWitt*, 54 P.2d 849, 853-54 (Colo. 2002) (applying Colorado's version of the Uniform Probate Code's revocation-upon-divorce statute to former spouse even though policy covered both former spouses).

## IV. ORDER

Based on the foregoing, it is

ORDERED that judgment shall be entered in favor of Brad Allen and against Heidi Allen on their claims to the interpleaded funds. Judgment shall be entered that Brad Allen is entitled to the entire remaining interpleaded funds.

DATED   April 28, 2011.

BY THE COURT:

_____
TED STEWART
Chief United States District Judge