IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br><br><br><br>    vs.<br><br><br><br>HEIDI ALLEN and BRAD ALLEN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR RECONSIDERATION AND DENYING REQUEST FOR ATTORNEY FEES<br><br><br><br><br>Case No. 2:09-CV-6 TS |

In this interpleader case, Heidi Allen seeks reconsideration of the Court's April 29, 2011 Order that judgment be entered in favor of Brad Allen and against Heidi Allen. The request, more properly characterized as a motion, was filed on June 3, 2011. It does not contain any argument or authority. Instead, it merely references two things: (1) attached affidavits from family members, and (2) "that the parties were not married at the time the insurance was purchased."[1]

Brad Allen opposes the Motion for the following reasons: it fails to comply with the

---

[1]Docket No. 37, at 1.

requirements of the local rules that motions be accompanied by a memorandum of supporting authority; it is untimely under Fed.R.Civ.P. 59(e); and it fails to state grounds for relief under Fed.R.Civ.P. 60.

Counsel for Brad Allen is correct that the Federal Rules of Civil Procedure do not recognize a motion to reconsider. As explained in *Ysais v. Richardson*,[2]

> The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e), or a motion seeking relief from judgment under Fed.R.Civ.P. 60(b). A Rule 59(e) motion must be filed within [28] days of the entry of judgment, and if timely, it tolls the time for filing the notice of appeal under Fed.R.App.P 4(a)(4). A motion for reconsideration filed after the [28]-day period is construed as a motion seeking relief from judgment under Rule 60(b).[3]

The 28-day period referenced in brackets above, was a change made by the 2009 amendments.[4] Because the current motion was filed after the effective date of that revision, the 28-day deadline is applicable. It cannot be extended.[5] Thus, to be considered as a motion to alter or amend a judgment under Rule 59, the motion must have been filed within 28 days of the entry of judgment. Twenty-eight days from the entry of judgment in the present case was May 27, 2011. It is not clear if the additional three-day rule applies, but even if it does, it would result in a deadline of May 30, 2011. Thus,

---

[2] 603 F.3d 1175 (10th Cir. 2010).

[3] *Id*. at 1178 n.2 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) and inserting in brackets the 28-day time period added by 2009 amendments).

[4] *Id*. at 1178 n.3.

[5] Fed.R.Civ.P. 6(b)(2).

because the Motion was not timely filed for Rule 59 purposes, it must be construed as a motion under Rule 60(b).

The Court agrees the Motion does not comply with DUCivR 7-1(b)(1) because it is not accompanied by a supporting memorandum and cites no applicable rule, statue, or other authority justifying the relief sought. Therefore, it could be denied on that ground alone.

Further, it fails to state any grounds for relief under Rule 60(b). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."[6] "A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief."[7]

> Rule 60 permits a court to relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment."[8]

Heidi Allen has not shown any of these grounds. The only possible arguments for relief under Rule 60(b) would be under subsections (2) and (6). However, there is no showing that the affidavits submitted contain information that was not previously available

---

[6]*Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (citing *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)).

[7]*Allender v. Raytheon Aircraft Co.,* 439 F.3d 1236, 1242 (10th Cir. 2006) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991)).

[8]*Id*. (quoting Fed.R.Civ.P.60(b)).

and, therefore, they are not newly discovered within the meaning of subsection (2).

Further, the affidavits address a subject—the purported but unwritten intent of the insured

—which does not meet the requirements to show a contrary intent under Utah Code Ann.

§ 75-2-804(2).[9]   Thus, the affidavits cannot possibly be a basis for relief under subsection

(6) of Rule 60(b).  Similarly, the asserted fact that Heidi Allen and the insured were not

married when the policy was purchased is not newly discovered.  As noted in the Court's

Order, it is an undisputed fact in this case.[10]   Further, in that Order the Court ruled

specifically on Heidi Allen's argument that § 75-2-804(2) did not apply because they were

not married at the time the policy was issued and she was named as beneficiary.[11]

Because Heidi Allen has failed to show grounds for relief under Rule 60(b) her motion will

be denied.

Brad Allen seeks attorney fees incurred in responding to this motion because the

motion to reconsider is procedurally improper and without any basis in fact or law.

Because he cites no rule or statute as the basis for the requested award of fees, the Court

construes this request as a motion under Fed.R.Civ.P. 11.  However, Rule 11 requires that

---

[9]*See* § 75-2-804(2) (providing that revocation is automatic upon divorce unless a contrary intent is stated in one of the following types of documents: "a governing instrument [the insurance policy], a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment of a marriage").

[10]Docket No. 34, at 2 (Undisputed Fact No. 1).

[11]*Id*. at 6 (noting that the definition of the type of governing instruments covered by §75-2-804(2)'s revocation-upon-divorce clause specifies that it includes any governing instruments "executed by the divorced individual before the divorce," not just those executed during a marriage).

a "motion for sanctions must be made separately from any other motion." There is no such separate motion. It is therefore

ORDERED that Heidi Allen's Request for Reconsideration (Docket No. 37) is DENIED and Bran Allen's request for attorney fees is DENIED.

DATED   June 29, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge